**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MU'MIN ABDULAZIZ ASKEW
ADC #082276                                                                                        PLAINTIFF

V.                         CASE NO. 2:14-CV-00142 DPM/BD

DANNY BURL, et al.                                                                              DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.    Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Any party may file written objections to this Recommendation.  If objections are filed,  they must be specific and must include the factual or legal basis for the objection.  Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.    Discussion**

Mu'min Abdulaziz/Askew, an Arkansas Department of Correction inmate, filed this lawsuit pro se under 42 U.S.C. § 1983.  (Docket entry #2)  In his complaint, he claims that his placement in administrative segregation constitutes cruel and unusual punishment because he suffers from serious mental health needs.  In addition, Mr. Askew claims:

Defendants acted with deliberate indifference to his mental health needs; Defendants retaliated against him for his use of the grievance process; Defendants denied him his right to participate in religious services; Defendants labeled him a "snitch"; and Defendants violated his due process rights. Mr. Askew asks only for injunctive relief.

The Court previously determined that Mr. Askew had stated eighth amendment claims, first amendment claims, and a fourteenth amendment claim, and allowed him to proceed *in forma pauperis* ("IFP") (#3, #5).

All Defendants then moved to revoke Mr. Askew's IFP status based on his litigation history, and asked the Court to dismiss this lawsuit. (#23, #32, #34) In addition, Defendants Brett Butler and Monicka Branscomb ("Medical Defendants") moved to dismiss Mr. Askew's claims against them based on his failure to state a constitutional claim. (#30) Mr. Askew responded to the motions to revoke IFP status and moved to amend his complaint. (#27, #37, #38)

On March 25, 2015, the Court granted the Defendants' motions to revoke Mr. Askew's IFP status and gave him thirty days to pay the filing fee. (#40) Mr. Askew asked the Court to reconsider its decision to revoke his IFP status. (#41)

On April 20, 2105, Judge Marshall denied Mr. Askew's motion to reconsider and gave him until May 19, 2015, to pay the statutory filing fee. (#43) To date, Mr. Askew has not complied with the Court's April 20, 2015 Order, and the time for doing so has passed.

### III.     Conclusion

The Court recommends that Mr. Askew's claims be DISMISSED, without prejudice, based on his failure to comply with the Court's April 20, 2015 Order by paying the filing fee.  The pending motion to dismiss (#30) should be DENIED, as moot.

DATED this 20th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE